## Arthur J. Eddy, et al., Trustees, etc., v. People, ex rel. Maria Welter.

### Gen. No. 11,934.

1. RECORD—*presumption that trustees of police and firemen's relief fund, keep.* It is presumed that such trustees keep a record of their proceedings.

2. PENSION—*when discontinuance of, illegal.* Where a pension has been legally awarded to the widow of a patrolman, the trustees of the fund from which it is paid cannot, after the lapse of many years and in the absence of the person pensioned, review the evidence heard by a former board, determine that such former board reached an erroneous conclusion from such evidence, set aside its decision and strike the pensioner's name from the pension list.

3. PENSION AWARD—*evidence upon which, predicated, need not be preserved.* The statute does not require that the evidence on application for a pension shall be preserved in any way, and a pension award duly entered by the proper authority is valid.

*Mandamus* proceeding. Appeal from the Circuit Court of Cook County; the Hon. EDWARD O. BROWN, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed May 29, 1905.

**Statement by the Court.** This is an appeal from a judgment granting a peremptory writ of *mandamus* against appellants.

The petition, filed January 7, 1904, is in substance as follows: Petitioner represents that she is a resident of the city of Chicago, and the widow of Dominick Welter, deceased; that on or about the 22nd day of November, 1882,

said Dominick Welter became a member of the police department of the city of Chicago, and so remained up to the 8th day of July, 1885, on which day he died; that Dominick Welter, while a member of said police department, held the position of secretary or inspector of the police department and acted as drill master in said department; that, while engaged in the actual discharge of the duties of his position on the 25th day of June, 1884, he was stricken down and became physically ill because of physical efforts exerted by him, and which were necessary to be exerted in carrying out and performing his duties, and that as a result of said physical ailments and disability so caused, the said Dominick Welter died; that at the time said Dominick Welter became a member of the police department there had been established in the city of Chicago a police and firemen's relief fund, entitled "An Act to amend an Act for the relief of disabled members of the Police and Fire Departments of cities and villages," approved May 24, 1877, in force July 1, 1877; approved May 10, 1879, in force July 1, 1879; which police and firemen's relief fund continued to be maintained until amended by the act of 1887, as hereinafter set forth; that said Dominick Welter became a member of said police and firemen's relief fund at the time he joined the police department, and continued as a member in good standing until the date of his death; that after the death of said Dominick Welter, relator, as his widow, made application to the trustees of said police and firemen's relief fund for the payment to her as such widow, so long as she should remain unmarried, of a sum of money not exceeding $600 per annum, in accordance with the provisions of said act, and submitted to said trustees proofs of the death of said Dominick Welter, and that his death was the immediate effect of an injury received by him while in the discharge of his duties as such member of the police department, and such proceedings were thereupon had by such trustees that they found said application regular in accordance with law, and that said Dominick Welter's death was the immediate effect of an injury received by him while

in the actual discharge of his duties as such officer and member of the police department, and awarded relator an annual pension of $360 per annum as long as she should remain unmarried; that said trustees thereupon proceeded to make payment to relator, commencing October 1, 1885, of said sum of $360, and continued such payments until the formation of the board of police pension fund commissioners under and by virtue of an act entitled "An Act to provide for the setting apart, formation and disbursement of the Police Fund in cities, villages and incorporated towns," approved April 29, 1887, in force July 1, 1887; that in accordance with the provisions of last mentioned act, the city of Chicago, on the 1st day of July, 1887, having a population of more than 50,000 inhabitants, arranged for the formation and disbursement of a police pension fund, in accordance with the provisions of said last mentioned act, and there was then and there established a board of police pension fund commissioners in accordance with the provisions of said act, who then and there proceeded to comply with and carry out the provisions of said act, and that in accordance with the provisions of section 12 of said act, the relator then and there became entitled to receive the benefits provided for in said act; that at the time of the death of Dominick Welter the salary attached to his rank in the police department was $3,000 per annum, and in September, 1887, in accordance with the provisions of section 6 of said last mentioned act, the board of police pension fund commissioners directed that a yearly pension of $1,500 should be paid to relator as such widow, and that from that time until about the 17th day of October, 1903, relator was regularly paid said pension of $1,500 per annum, in monthly installments of $125 each; that on May 16, 1903, there went into effect an act entitled "An Act to amend Sections 1, 2, 3, 4, 6, 9, 10 and 11 of an Act entitled 'An Act to provide for the setting apart, formation and disbursement of a Police Pension Fund in cities, villages and incorporated towns,'" approved April 29, 1887, in force July 1, 1887, as amended by an act approved April 24, 1899, in force July 1, 1899, as

amended by an act approved May 11, 1901, in force July 1, 1901; and that in accordance with the provisions of said act there were duly appointed by the mayor of the city of Chicago three persons as constituting the board of trustees of the police pension fund of the city of Chicago, such persons being A. J. Eddy, B. E. Sunny and Thomas Boyle, and that the other two members of said board provided for by said act had not yet been appointed; that said Eddy, Sunny and Boyle duly qualified as members of said board of trustees; that on or about October 17, 1903, said board of trustees passed a resolution by which they refused any longer to pay the said relator the pension which had been awarded her, as hereinbefore set forth; and ever since have refused and still refuse to pay to said relator said pension, or any part thereof, although under the provisions of said act of 1903, said relator is entitled to be paid a yearly pension of $900; that on or about the 18th day of October, 1903, relator received from the clerk of said board of trustees a letter in words and figures as follows, to wit:

" In accordance with a resolution by the Pension Board, I am instructed to notify you that further payment of pension will be withheld for lack of evidence that death was caused by injury received while in performance of duty, as required by law.   Please prepare your papers and evidence and present them at this office at as early a date as possible, thereby avoiding any unnecessary delays."

That relator thereupon protested to said board that they had no right or authority to call upon said relator for additional proof of the cause of death of Dominick Welter, and had no right or authority to strike her name from the roll of beneficiaries of said pension fund, and to refuse to pay her the pension to which she was entitled under the provisions of said act of 1903; that on the 8th day of December, 1903, she delivered to said board of trustees the following protest :

" I acknowledge the receipt of a letter from Mr. C. F. White, clerk of your board, dated October 17, 1903, stating that a resolution has been duly passed by your board that the further payment of the pension heretofore paid to me

as the widow of Dominick Welter, deceased, will be with-held for lack of evidence that the death of Dominick Welter was caused by injury received while in the perform-ance of duty as required by law, and requesting me to fur-nish and present to your Honorable Board further evidence of my right to receive such pension.

Replying thereto, I beg to call your attention to the fact that I am a beneficiary of the Pension Fund under the act of 1879, and that under the law your Honorable Board has no right or power to strike my name from the roll of bene-ficiaries of the Pension Fund under your charge and con-trol; and likewise has no right or power to set aside the finding and judgment of the previous Board of Trustees of said fund, to whom proofs of my right to be designated as beneficiary of said fund were properly submitted, and by them found to be sufficient, and who ordered my name to be placed upon the roll of beneficiaries of said fund. I, therefore, respectfully protest against the action of this Honorable Board in the premises, and request that you re-place my name upon the roll of beneficiaries entitled to pay-ment from said Pension Fund, and that you do pay to me without delay, and order to be paid to me, according to the rules of this Honorable Board, all sums of money which have accrued, and would have been paid to me at the date hereof, had it not been for the action of this Honorable Board in refusing, as hereinbefore set forth, to do so."

That said board of trustees thereupon refused to rescind' its previous action and refused to consider said relator as entitled to any of the benefits of said fund, or to order the payment to her of any sum whatsoever as a beneficiary of said fund, and still so refuses; that under and by virtue of the provisions of section 12 of the act of 1887, which sec-tion is still in force and effect, unchanged and unmodified by the act of 1903, said board of trustees is in duty bound to recognize the rights of relator as coming within the spe-cial class of persons receiving benefits under the act of 1887, and, therefore, entitled to the benefits of the act of 1903, and that said board has no right or authority to pass upon the validity of the pension of relator; that relator has no remedy in the premises except by order of this court, etc. Prayer for writ.

Appellants demurred generally to the petition, the court

overruled the demurrer, and appellants electing to abide by their demurrer, the court rendered judgment, awarding the writ of *mandamus* as prayed.

JOHN W. BECKWITH, Assistant Corporation Counsel, for appellants; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

CHARLES L. DALY and EDMUND S. CUMMINGS, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The sole question is whether the petition is sufficient, on its face, to sustain the judgment. It is not claimed that there was any irregularity in the proceedings of the board of trustees, on the application of the petitioner for a pension, or that the same was not granted in strict conformity with the law.

It is averred in the first part of the petition that Dominick Welter, while a member of the police department, held the position of secretary, or inspector, and drill master of the department, and while engaged in the actual discharge of the duties of his position, June 25, 1884, he was stricken down and became physically ill, because of physical efforts necessarily exerted by him in the performance of his duties, and that, as a result of ailments and disability so caused, he died.

It is further averred that, after the death of Dominick Welter, petitioner applied to the trustees of the police and firemen's relief fund for the payment to her of a pension of not exceeding $600 per annum, so long as she should remain unmarried, and that she submitted to said trustees proof that the death of said Dominick was the immediate effect of an injury received by him while in the discharge of his duty as a member of the police department; and that the trustees found the application to be true and awarded petitioner an annual pension of $360, so long as she should remain unmarried.

It is further averred that, subsequently, under the acts of the legislature mentioned in the petition, petitioner's pen-

sion was continued and increased, and was paid down to October, 1903.

These averments are material, are admitted by the demurrer, and must, therefore, be assumed to be true, and they show clearly, as we think, that the petitioner is entitled to a pension. Is the effect of these averments avoided or nullified by the notice from the clerk of the board of trustees set out in the petition? The notice is dated October 18, 1903, and is as follows:

"In accordance with a resolution by the pension board I am instructed to notify you that further payment will be withheld for lack of evidence that death was caused by injury received while in the performance of his duties as required by law. Please prepare your papers and evidence and present them at this office at once, thus avoiding any unnecessary delay.

C. F. WHITE, Clerk."

This certainly appears to be rather a summary proceeding in the case of one solemnly adjudged, after a full hearing, to be entitled to a pension in 1885, or about twenty years ago, and whose pension was continued, without objection on the part of the trustees, for some eighteen years. The notice does not set forth any resolution of the board, or any copy of any record of the board; nor does it even state any investigation by the board, or wherein evidence furnished eighteen years before the date of the notice was found unsatisfactory. It does not appear that there is any record of any action of the board in the premises. For aught appearing the notice was the mere unauthorized act of the clerk. We do not think that in passing on the demurrer, the notice is entitled to any consideration.

It must be presumed that the trustees kept a record of their proceedings on the relator's application for a pension, as by section 3 of the act of 1877 (Hurd's Rev. Stat. 1903, p. 362) they were required to do, and that the record shows a finding and adjudication in her favor. The board, in passing on an application for a pension, acts in a *quasi* judicial capacity, and its decision is *quasi* judicial, and we cannot concur in the contention to which counsel for appel-

lants is apparently forced by the necessity of the case, that the decision of the board is of so little weight that it can, after a lapse of many years, and in the absence of the person pensioned, review the evidence heard by a former board, determine that such former board reached an erroneous conclusion from the evidence, set aside that board's decision and strike the pensioner's name from the pension list. The statute does not require that the evidence, on application for a pension, shall be preserved in any way, and it is doubtful, to say the least, whether the evidence on the petitioner's application has been preserved. The petitioner was pensioned in 1885, and section 12 of the act of 1887 provides as follows:

" All members of the police force, and any widow or child or children of such members of any such city, village or town, who, upon the taking effect of this act, shall be entitled to receive any benefit under an act entitled ' An Act to amend an act for the relief of disabled members of the police and fire departments in cities and villages,' approved May 24, 1877, in force July 1, 1877, as amended by an act approved May 10, 1879, in force July 1, 1879, shall receive no payments or benefits under said act, but shall, in lieu thereof, be entitled to the benefits provided for in this act. But if at any time there shall not be sufficient moneys belonging to such fund to pay the allowances of such board to its beneficiaries, then they shall be paid *pro rata* from such fund, but no allowance or order of such board shall be held to create any liability against any such city, village or town, except upon the fund so set apart as aforesaid for the payment thereof." Hurd's Rev. Stat. 1903, p. 368.

We are of opinion that the demurrer was properly overruled, and the judgment will be affirmed.

*Affirmed.*

Mr. Justice BROWN took no part in the decision of this case.